UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE MARK A. BARNETT, JUDGE

| | |
|---|---|
| AM Stone & Cabinets, Inc.<br><br>                      Plaintiff,<br>  v.<br><br>United States,<br><br>                      Defendant. | Court No. 24-00241 |

**Reply Brief of Plaintiff AM Stone & Cabinets Inc.**

David J. Craven, Esq.
CRAVEN TRADE LAW LLC
3744 N Ashland Avenue
Chicago, Illinois 60613
Tel. 773-709-8506
David.craven@tradelaw.com
Counsel for Plaintiffs

January 12, 2026

## TABLE OF CONTENTS

Table of Contents ................................................................................................................. i

Table of Authorities ............................................................................................................ ii

I.  **INTRODUCTION** ............................................................................................... 1

II. **ARGUMENT** ....................................................................................................... 1

    A.    Commerce's Finding that AM Stone Did Not Provide Sufficient Information to Establish that Its Imported Quartz Slab Were Produced in Malaysia Is Not Reasonable ................................................................................................... 1

    B.    The Department Effectively Took Adverse Inferences Against AM Stone ............. 3

III. **CONCLUSION** ................................................................................................... 4

TABLE OF AUTHORITIES

*Nippon Steel Corp. v. United States,* 337 F.3d 1373, 1382 (Fed.Cir.2003) .............. 3

*Olympic Adhesives, Inc. v. United States,* 899 F. 2d 1565 (Fed. Cir. 1990) ............. 4

*Peer Bearing Co. v. United States*, 182 F. Supp. 2d 1285 (Ct. Int'l Trade 2001) ................................................................................................ 4

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE MARK A. BARNETT, JUDGE

| | |
|---|---|
| AM Stone & Cabinets, Inc.<br><br>                Plaintiff,<br>  v.<br><br>United States,<br><br>                Defendant. | Court No. 24-00241 |

I. **INTRODUCTION**

This is the reply to the response of the defendant to plaintiff's motion for Judgment on the Agency Record. This is not a complex matter and the range of issues before the Court are limited. Specifically, AM Stone provided all of the information in its possession. Such information provides sufficient proof that the goods purchased and imported by AM Stone were not products of China, and there is no information of record which indicates that such goods are the products of China. Further, while the Department did not formally take adverse inferences against AM Stone, the Department effectively took AFA when it punished AM Stone for not being able to provide information not in its possession.

II. **ARGUMENT:**

   A. Commerce's Finding that AM Stone Did Not Provide Sufficient Information to Establish that Its Imported Quartz Slab Were Produced in Malaysia Is Not Reasonable

As an initial matter, AM Stone primarily relies upon its 56.2 Motion and Memorandum in support filed in this matter and submits that the response did not

overcome this initial 56.2 Motion.  At pages 7 to 13 of Defendant's Response to Plaintiff's Rule 56.2 Motion for Judgment on the Agency Record ("Def. Resp.") it was argued that since AM Stone was unable to establish that its unrelated supplier did not use Chinese Origin Slab, and was thus not eligible to participate in the certification process.  Such argument ignores the information provided by AM Stone in the administrative process.  As noted in the case brief in chief, there are no allegations that AM Stone withheld information in its possession.  Rather, the record makes it clear that AM Stone submitted all of the information that it had, and critically, the information that it was not able to supply.  As detailed in the memorandum in support, AM Stone provided full information about its five entries. (Memorandum in support at 7-8)  AM Stone did not provide information about other entries made by third parties for their entries, but this would not be possible as AM Stone was not a party to, and would not have had, access to such transactions. (C.R. 11) Clear and undisputed photographs of Resstone's factory (outside and inside with raw material stock) and the production process (with descriptions) which takes place in Malaysia (P.R. 52 and C.R. 10).  A report from a third party discussing the producer meticulously detailing information on the company's structure, officers, financials, and other key elements. (P.R. 52, C.R. 10)

  In other words, the information for ALL of AM Stone's importations was provided, and it is thus, for AM Stone, irrelevant as to what applied to other purchasers from the same supplier.  While it is the Department's position that certain information was not supplied, an analysis shows that any deficiencies were those of the exporter, not plaintiff.

  This is clear from the statements of the Department. In the decision memorandum for the preliminary results the Department stated that AM Stone was unable to provide the "universe of Universal Quartz's entries during the POR" (P.R. 65).  In other words, the Department was not disagreeing with the proposition that

AM Stone did provide the information for its entries.  In contrast, there is NO evidence of any kind indicating, in any fashion, that AM Stone's supplier did not produce the material in Malaysia.  While the Courts do not "weigh" evidence, the total absence of evidence to the contrary must be taken into account.

In sum, AM Stone provided information substantiating its purchase of Malaysian Quartz for all of its importations and provided all of the information in its possession.  To the extent that such information was not available, there is no allegation that such information was in the possession of AM Stone.  Furthermore, there is no evidence which is contrary to the claims of AM Stone.  AM Stone fully and completely cooperated and should not be punished for the non-cooperation or response of its unrelated supplier.

As noted in *Nippon Steel Corp. v. United States,* 337 F.3d 1373, 1382 (Fed.Cir.2003) "the statutory mandate that a respondent act to `the best of its ability' requires the respondent to do the maximum it is able to do."  AM Stone has acted to the best of its ability and done the maximum it is able to do so.

B.     The Department Effectively Took Adverse Inferences Against AM Stone

At pages 13 to 15 of Defendant's Response to Plaintiff's Rule 56.2 Motion for Judgment on the Agency Record ("Def. Resp.") it was argued that the Department did not take adverse inferences against AM Stone.  While this is technically correct, the Department effectively took adverse inferences by requiring information outside of the control of AM Stone and then holding the inability of AM Stone to provide such information against AM Stone.  In other words, the Department applied adverse inferences, even if it did not expressly so state, by rejecting the AM Stone information and substituting the failure of the exporter to supply information for the AM Stone information.

By doing so, Commerce is seeking to "end run" the direction of the Court in *Peer Bearing Co. v. United States*, 182 F. Supp. 2d 1285 (Ct. Int'l Trade 2001) and *Olympic Adhesives, Inc. v. United States, 899 F. 2d 1565 (Fed. Cir. 1990)* clearly provide that Commerce cannot resort of adverse facts where the information which Commerce requests does not and could not exist.  AM Stone submits that it is substance of Commerce's actions, not the language which ultimately controls.

### III.  CONCLUSION

In conclusion, the facts demonstrate that AM Stone fully cooperated in this review and submitted all of the information in its control.  To the extent that information was missing from the record, such information was missing from the record due to the non-cooperation of third parties unrelated to Plaintiff AM Stone.  The Court should remand this matter to the Department with direction that AM Stone be permitted to certify that the product imported by AM Stone is of origin of Malaysia, not China.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td>Dated: January 12, 2026</td><td>/s/ David J. Craven<br>David Craven<br>Craven Trade Law LLC<br>3744 N Ashland<br>Chicago, IL 60613<br>(773) 709-8506<br><br>*Counsel to Plaintiff*</td></tr>
</table>

CERTIFICATE OF COMPLIANCE

1. This reply complies with the guidelines set forth in the Standard Chambers Procedures. The reply contains 1104 words on numbered pages (that is, excluding only the Cover Page, the Table of Contents, the Table of Authorities, the signature block, and the present certificate).

2. This brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

                              /s/ David J. Craven

                              David J. Craven
                              Counsel to AM Stone & Cabinets, Inc.

                              Craven Trade Law LLC
                              3744 N Ashland
                              Chicago, IL 60613
                              (773) 245-4010
                              David.craven@tradelaw.com

Date January 12, 2026